J-S29022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| GREGORY A. MCADOO | |
| Appellant | No. 1299 WDA 2015 |

Appeal from the Judgment of Sentence August 5, 2013
In the Court of Common Pleas of Indiana County
Criminal Division at No(s): CP-32-CR-0000137-2013

BEFORE:  BENDER, P.J.E., PANELLA, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED MAY 25, 2016**

Appellant, Gregory A. McAdoo, appeals from the judgment of sentence entered by the Honorable William Martin, Court of Common Pleas of Indiana County. We quash.

The relevant factual and procedural history is as follows. McAdoo was charged in two separate criminal informations. At number 137-2013 (Case 137), a jury convicted McAdoo of burglary, conspiracy to criminal trespass, theft by unlawful taking, and conspiracy to theft by receiving stolen property. Thereafter, the trial court imposed an aggregate sentence of 40 months to 15 years' imprisonment. The trial court denied McAdoo's post-sentence motion. McAdoo timely filed a notice of appeal, but he later

_____

[*] Former Justice specially assigned to the Superior Court.

discontinued that appeal. At number 139-2013 (Case 139), McAdoo pled guilty to criminal attempt to commit theft. The trial court subsequently imposed an aggregate sentence of 1 to 2 years' imprisonment.

Thereafter, McAdoo filed a timely *pro se* PCRA[1] petition, in which he raised a number of ineffective assistance of counsel claims. Following an evidentiary hearing, the PCRA court entered an order vacating McAdoo's sentence for Case 139 and restoring his direct appeal rights for Case 137. Notably, the PCRA court did not inform McAdoo as to when he should file a notice of appeal in order to initiate a direct appeal *nunc pro tunc*. The PCRA court denied McAdoo's requests for a new trial based upon his claims of ineffective assistance of counsel. **See** PCRA Court Opinion, 10/2/14, at 2-7.

On October 30, 2014, McAdoo filed a notice of appeal regarding Case 137. In that appeal, McAdoo did not assert that he was challenging his judgment of sentence; rather, he asserted that he was appealing the PCRA court's order. Specifically, McAdoo argued that the PCRA court erred in dismissing his ineffective assistance of counsel claims. This Court issued a memorandum decision that stated, in relevant part, as follows.

> With all of these considerations in mind, we conclude that the most prudent and legally-sound decision is to remand the matter to the lower court to allow Appellant to pursue the relief the PCRA court granted to him – the reinstatement of his direct appeal rights. Upon remand, Appellant will have 30 days to file a

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

notice of appeal in order to initiate a direct appeal *nunc pro tunc*. If Appellant timely files a notice of appeal, he is limited to raising on appeal issues directly attacking his judgment of sentence.

***Commonwealth v. McAdoo***, No. 1797 WDA 2014, 4-5 (Pa. Super., filed 5/22/15) (unpublished memorandum).

On remand, the trial court, following our directive, ordered as follows.

ORDER OF COURT – AND NOW, this 26th day of May 2015, consistent with the instructions form [sic] the Superior Court issued May 22, 2015 in the above-captioned case, it is hereby ORDERED and DIRECTED that the Defendant shall have thirty (30) days from May 22, 2015 within which to file a direct appeal to the Superior Court.

Order, 5/26/15. The docket reflects that counsel for McAdoo was provided notice of the order on that same date.

Our review of the instant appeal shows that it was filed on August 21, 2015, almost three months after the reinstatement of McAdoo's direct appeal rights. Because McAdoo had notice of the 30-day requirement and failed to file an appeal within that time, we lack the jurisdiction to consider this appeal and must quash. ***See*** Pa.R.A.P. 903(a); Pa.R.Crim.P. 720(A)(3); ***Commonwealth v. Wright***, 846 A.2d 730, 734-35 (Pa. Super. 2004).

Appeal quashed.

J-S29022-16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  5/25/2016

- 4 -